# Murphy *v.* Gordon.

*Trusts and trustees—Resulting trust—Judgment—Executors and administrators.*

Where an administrator uses moneys alleged to belong to the estate of which he is administrator in building a house upon land owned by himself, and subsequently in settling with one of the distributees, gives her a judgment for a balance due, and the judgment is entered up, and becomes a lien upon the administrator's land, junior to other liens, such distributee cannot claim in a distribution of the proceeds of the sheriff's sale of the land, that she is entitled to priority over the other lien creditors because of a trust resulting in her favor from the misappropriation of the trust funds by the administrator, where she does not even show that any moneys specifically belonging to her had been used by the administrator at the time that he paid for the labor and materials used in building the house.

Argued May 1, 1912. Appeal, No. 46, Jan. T., 1912, by Katherine G. O'Malley, from order of C. P. Lackawanna Co., Nov. T., 1909, No. 873, sustaining exceptions to auditor's report in case of M. J. Murphy v. T. P. Gordon. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of James McKinney, Esq., auditor.

The facts are stated in the opinion of the Supreme Court.

The auditor allowed the claim of Katherine G. O'Malley, the appellant, although her lien was junior to the judgments of M. J. Murphy and the West Side Bank. The exceptions of Murphy and the West Side Bank were sustained by the court, and the appellant's claim was not reached in the redistribution.

*Error assigned* was in sustaining exceptions to auditor's report.

*John G. Johnson,* with him *Samuel B. Price* and *Cole B. Price,* for appellant.

*Ralph W. Rymer,* with him *Roswell H. Patterson,* for M. J. Murphy, appellee, and *W. G. Thomas,* for West Side Bank, appellee.

PER CURIAM, May 13, 1912:

This appeal is from a decree distributing the proceeds of a sheriff's sale of certain real estate sold as the property of T. P. Gordon. The appellant—whose claim was allowed by the auditor to the exclusion of lien creditors, but was subsequently disallowed by the court —contends that the fund raised by the sale was impressed with a trust in her favor, and that the amount due to her out of the proceeds of the sale is $2,146.69. But a word need be said in dismissing her appeal. She does not pretend that a dollar of her money was used for the purchase of the land by Gordon in 1906, but her contention is that, in subsequently erecting a house upon it, he used moneys belonging to two estates of which he was administrator and in which she was to be a distributee. This, to say the least, is a far-fetched theory of a resulting trust, and all that need be said of it is that the appellant did not even show that any money specifically belonging to her had been used by Gordon in September and October, 1909, when he paid for the labor and materials used in the building of the house. There was no settlement between her and him until July, 1910, when it was ascertained that there was due her from the two estates the sum of $5,999.98. Gordon then settled with her by paying her in cash $2,313.27, by conveying to her certain pieces of land valued at $1,650 and by executing and delivering to her a judgment note for the balance, which amounted to $2,036.71. Judgment was entered on this note and it became a lien on the land that was sold by the sheriff. The amount due upon it is the amount she claims out of the fund in

court, to the exclusion of lien creditors; but as to that fund she, with them, is but a judgment creditor.

Appeal dismissed and decree affirmed at appellant's costs.